# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING SECOND** |
| Plaintiff, | ) | **RENEWED MOTION TO AMEND** |
| | ) | **ORDER FOR PRETRIAL DETENTION** |
| vs. | ) | |
| | ) | |
| Robert Raymond Althaus, | ) | Case No. 4:15-cr-122 |
| | ) | |
| Defendant. | ) | |

Before the Court is a "Second Renewed Motion to Amend the Order for Pretrial Detention" filed by the defendant on February 22, 2017. The defendant is requesting to be released to a residential reentry center pending his sentencing hearing on June 26, 2017. The basis for his request is that he has had no "write ups" since he was first detained in August 2015, that no issues arose when the Court temporarily released him in April 2016, and that he have an opportunity to find employment and if released.

The Court is not inclined to order the defendant's release at this time. First, it does not appear that there has been a material change in the defendant's circumstances. Second, there is no space currently available for the defendant at either Centre, Inc. or the Bismarck Transition Center. Third, the defendant's continued detention is mandated by statute.

The defendant has entered a guilty plea to the offense charged in Count One of the Indictment: conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. This offense carries a maximum term of imprisonment of life and a 10 year mandatory minimum term of imprisonment

Title 18 of the United States Code, Section 3143(a) provides that a defendant who has been found guilty of an offense under the Controlled Substances Act with a maximum term of

1

imprisonment of ten years or more must be detained unless "(A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

Here, the defendant cannot satisfy any of the § 3143 criteria. He has entered a guilty plea pursuant to a plea agreement executed by the parties. This agreement contains an appeal waiver by the defendant and a sentencing recommendation by the Government of a term of imprisonment at the low end of the Sentencing Guideline range or the minimum mandatory sentence, whichever is greater.

Accordingly, the defendant's "Second Renewed Motion to Amend the Order for Pretrial Detention" (Docket No. 543) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2017.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court